Filed 6/26/24  P. v. Monarrez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN MONARREZ,<br><br>    Defendant and Appellant. | G062870<br><br>(Super. Ct. No. 96NF1712)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Juan Monarrez appeals the denial of his petition for resentencing. (Pen. Code, § 1172.6.) However, his appointed attorney filed a brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, declaring he was unable to find any issues to raise on appellant's behalf. And having reviewed the record ourselves, we have not detected any arguable issues either. We thus affirm the trial court's denial order.

FACTUAL AND PROCEDURAL BACKGROUND

In 1999, appellant was convicted of attempted premeditated murder and other crimes for shooting a former member of his gang. (Pen. Code, §§ 664/187, subd. (a).) The jury also found true allegations that appellant used a firearm, inflicted great bodily injury, and acted for the benefit of a criminal street gang. (Pen. Code, §§ 12022.5, subd. (a), 12022.7, 186.22, subd. (b).) As a second strike offender, appellant was sentenced to prison for 30 years to life, plus 13 years and 4 months. We affirmed the judgment on appeal. (*People v. Monarrez* (Nov. 6, 2001, G025919) [nonpub. opn.].)

In 2023, appellant sought resentencing under Penal Code section 1172.6. Following a response by the People and a hearing at which appellant was represented by appointed counsel, the court denied his petition for failing to make a prima facie case.

On appeal, appointed counsel filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216. We informed appellant of his right to file a supplemental brief, however he declined to do so. In the interest of justice, we have examined the entire record for any arguable issues. (See *id.* at p. 230.) But our review has only confirmed appointed counsel's conclusion that there is no basis to disturb the trial court's denial order.

DISCUSSION

To be eligible for resentencing for the crime of attempted murder, the defendant must have been convicted under the natural and probable consequences doctrine or some other theory under which malice was imputed to him based solely on his participation in a crime. (Pen. Code, § 1172.6, subd. (a).) However, appellant's jury was

2

not instructed on any such theory.  Instead, the jury was told that it could only convict him of attempted murder if he personally intended to kill and he personally took a direct but ineffectual step toward achieving that objective.  (CALCRIM No. 600.)

By finding appellant guilty of that offense, and finding that he personally used a firearm to carry it out, the jury convicted him based on his *own* actions and his *own* malice.  Consequently, he is ineligible for resentencing relief as a matter of law, and the trial court properly denied his petition at the prima facie stage of the proceedings.  (See *People v. Curiel* (2023) 15 Cal.5th 433, 470-471 [the summary denial of a resentencing petition is justified if the record of conviction conclusively negates the defendant's right to relief].)  There is no arguable basis for disturbing that decision.

## DISPOSITION

The trial court's order denying appellant's petition is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


DELANEY, J.

3